[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
————————————————

No. 16-10536
Non-Argument Calendar
————————————————

D.C. Docket No. 2:13-cv-02152-JEO

ORLANDO COOPER, JR.,

Plaintiff-Appellant,

versus

CLP CORPORATION,
d/b/a McDonalds,

Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Northern District of Alabama
————————————————

(February 9, 2017)

Before HULL, MARCUS and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Plaintiff-appellant Orlando Cooper appeals the district court's grant of summary judgment in favor of his former employer, defendant-appellee CLP Corporation, d/b/a McDonald's ("CLP"), in his disability discrimination suit brought under the Americans with Disabilities Act ("ADA").

Plaintiff Cooper alleged that his immediate supervisor, store manager Spanada Holmes, created a hostile work environment because of Cooper's strabismus, or "lazy eye," in his right eye that causes that eye to wander. According to plaintiff Cooper, during the ten weeks he worked at defendant CLP's McDonalds store, Holmes frequently joked about his eye and referred to him every day as a "cockeyed ass" or "lazy-eyed."  With respect to Cooper's hostile work environment claim, the district court concluded, inter alia, that even if Holmes's conduct was sufficiently severe or pervasive to alter the terms and conditions of Cooper's employment, the defendant CLP could not be held liable for Holmes's conduct because Cooper had failed to complain about the conduct in accordance with CLP's anti-harassment policy.[1]  After review, we affirm.

---

[1]The district court also granted summary judgment in favor of defendant CLP on plaintiff Cooper's claim that CLP discriminated against him based on his disability when it terminated his employment for failing to report to work.  Cooper's counseled appeal brief focuses almost exclusively on his hostile work environment claim and does not challenge the district court's ruling on his disparate treatment claim.  Therefore, Cooper has abandoned this claim.  See Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 680 (11th Cir. 2014).

## I.    GENERAL PRINCIPLES UNDER FARAGHER AND ELLERTH

We review a district court's grant of summary judgment in an ADA case de novo, "viewing all the evidence, and drawing all reasonable inferences in favor of the Plaintiff." Frazier-White v. Gee, 818 F.3d 1249, 1255 (11th Cir. 2016) (quotation marks omitted). Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The ADA prohibits discrimination in the "terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). In construing identical language in Title VII, the Supreme Court has found cognizable a claim for hostile work environment under that statute. See Harris v. Forklift Sys., Inc., 510 U.S. 17, 21, 114 S. Ct. 367, 370 (1993). Assuming, without deciding, that a claim of disability-based hostile work environment is cognizable under the ADA, we conclude that the district court properly granted summary judgment to defendant CLP on that claim.[2]

Even if an employee establishes a prima facie case of a hostile work environment, an employer can avoid vicarious liability for a supervisor's harassment under the Faragher/Ellerth affirmative defense. See Faragher v. City of

---

[2]While this Court has not yet addressed the issue, several other circuits have concluded that the ADA provides a cognizable claim for a disability-based hostile work environment. See, e.g., Lanman v. Johnson Cty., 393 F.3d 1151, 1155 (10th Cir. 2004); Shaver v. Indep. Stave Co., 350 F.3d 716, 719 (8th Cir. 2003); Flowers v. S. Reg'l Physicians Servs., Inc., 247 F.3d 229, 235-36 (5th Cir. 2001). The district court and the parties appeared to accept that such a claim is cognizable. Because, even if an ADA hostile work environment claim is cognizable, defendant CLP was entitled to summary judgment on that claim, we need not decide the issue.

Boca Raton, 524 U.S. 775, 118 S. Ct. 2275 (1998); Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 118 S. Ct. 2257 (1998).  To be entitled to the defense, the employer must show (1) that it "exercised reasonable care to prevent and correct promptly" any harassing behavior; and (2) that the plaintiff employee "unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer or to avoid harm otherwise."  Madray v. Publix Supermarkets, Inc., 208 F.3d 1290, 1296-97 (11th Cir. 2000) (quoting Ellerth, 524 U.S. at 765, 118 S. Ct. at 2270).

Ordinarily, the Faragher/Ellerth defense is not available if the supervisor's harassment culminates in a "tangible employment action," such as a discharge or a demotion.  Walton v. Johnson & Johnson Servs., Inc., 347 F.3d 1272, 1280 (11th Cir. 2003).  The employer may still assert and prove the Faragher/Ellerth defense, however, if it is undisputed that the tangible employment action was for a legitimate reason and not based on a protected characteristic.  See id. at 1281-83 (concluding that a sexual harassment plaintiff's discharge did not preclude the Faraher/Ellerth defense where it was undisputed that she was terminated "because she failed to return to work and that her gender played no motivating role in [her employer's] decision").

4

## II.  CLP'S <u>FARAGHER</u>/<u>ELLERTH</u> DEFENSE

**A. Tangible Employment Action**

Plaintiff Cooper argues that the <u>Faragher</u>/<u>Ellerth</u> defense is unavailable to defendant CLP because he suffered a tangible employment action when he was terminated.  Cooper did not raise this argument in the district court, arguing instead that the <u>Faragher</u>/<u>Ellerth</u> defense was unavailable because he had reported the harassment to CLP's district manager.[3]

In any event, Cooper's argument lacks merit.  It is undisputed that Holmes terminated Cooper when he did not report to work after his mother gave birth to a stillborn child.  Cooper points out that it was "hotly disputed" whether Holmes had given Cooper prior permission to take time off to be with his mother during the birth.  Cooper admitted, however, that when Holmes called him and told him to report to work or he would be fired, he did not do so.  Cooper also admitted that no one at CLP told him he was being fired because of his strabismus and no one at CLP said anything to lead him to believe he was being fired because of his strabismus.  In other words, it is undisputed that Cooper was terminated because he did not report to work, and there is no evidence that Cooper's termination was

---

[3]Cooper also suggests that he suffered a tangible employment action when he asked Holmes to stop calling him cockeyed and Holmes made him clock out and go home.  This action by Holmes, unlike Cooper's termination, was not alleged in either Cooper's EEOC charge of discrimination or his complaint.  Accordingly, we decline to address it on appeal.  <u>See</u> <u>Access Now, Inc., v. Southwest Airlines Co.</u>, 385 F.3d 1324, 1331-32 (11th Cir. 2004).

because of his alleged disability.  Thus, his termination does not preclude CLP from raising the Faragher/Ellerth defense.  See Walton, 347 F.3d at 1281-83.

## B.  CLP's Reasonable Care to Prevent and Correct Harassment

Furthermore, the undisputed evidence established both elements of the Faragher/Ellerth defense.  First, CLP exercised reasonable care to prevent and correct harassing behavior.  It is undisputed that CLP had an anti-harassment policy that strictly prohibited discrimination or harassment based on disability and retaliation against an employee that reported harassment.  See Madray, 208 F.3d at 1297-98 ("[T]he Supreme Court [in Faragher and Ellerth] implied that employers could meet the initial burden in determining whether they had exercised reasonable care to prevent sexual harassment by promulgating an anti-harassment policy.").  CLP's policy required an employee who believed he had been subjected to discrimination or harassment to immediately report the harassment to the employee's "store manager or the CLP Corporation Human Resources Director."  See Walton, 347 F.3d at 1286 (explaining that at a minimum, employers must establish a complaint procedure that encourages victims to report the harassment without having to go to the offending supervisor).  The anti-harassment policy was included in the employee handbook and given to all employees when they were hired.  Employees also received training on the policy during their orientation.

6

Plaintiff Cooper did not dispute that CLP effectively disseminated the anti-harassment policy to its employees.  See Madray, 208 F.3d at 1298 (stating that dissemination of the policy "is fundamental to meeting" the first element of the defense).  Indeed, Cooper admitted attending the orientation training, receiving the employee handbook, and being aware of the anti-harassment policy.  More particularly, Cooper admitted he knew that he was supposed to report harassment either to his store manager or to the human resources director.  Cooper further acknowledged that during the orientation he was given a telephone number employees could call to report harassment to the human resources director.  In other words, the anti-harassment policy provided an alternative channel for making complaints if, as here, the store manager is the harassing supervisor, and Cooper did not argue that these reporting requirements were unreasonable.  See Walton, 347 F.3d at 1287; Madray, 208 F.3d at 1298.

## C.    Cooper's Failure to Use Preventative or Corrective Opportunities

The second element of the Faragher/Ellerth defense is also satisfied.  Cooper does not dispute that he failed to report Holmes's conduct to CLP's human resources director, Catherine Houston, as required by the anti-harassment policy.  Proof that an employee unreasonably failed to "use any complaint procedure provided by the employer . . . will normally suffice to satisfy the employer's burden under the second element of the defense."  Faragher, 524 U.S. at 807-08,

118 S. Ct. at 2293; see also Baldwin v. Blue Cross/Blue Shield of Ala., 480 F.3d 1287, 1306 (11th Cir. 2007).

Cooper contends that he complained about Holmes's conduct to Monica Love, CLP's district manager, during one of her visits to the store.[4]  The problem for Cooper is that Love was not one of the company representatives to whom Cooper was supposed to report harassment under the policy.  This Court has determined that, "once an employer has promulgated an effective anti-harassment policy and disseminated that policy and associated procedures to its employees, then it is incumbent upon the employees to utilize the procedural mechanisms established by the company specifically to address problems and grievances." Madray, 208 F.3d at 1300 (quotation marks omitted).  In Madray, as here, the plaintiff employees reported the alleged harassment to "mid-level managers," rather than to one of the "appropriate Company representatives" designated in the employer's anti-harassment policy.  Id.  The Madray Court concluded that the

_____

[4]For the first time on appeal, Cooper contends he complied with the anti-harassment policy's reporting procedures when he asked Holmes, the store manager, to stop calling him cockeyed.  In the district court, Cooper did not argue that, based on his request, he had reason to believe Holmes's name-calling would stop.  To the contrary, Cooper said that Holmes responded, "If you don't like what I say, you can go home," and made him clock out.  Although the name-calling continued, Cooper did not report Holmes's conduct to Catherine Houston, the other company representative identified in the policy.  Under these circumstances, Cooper unreasonably failed to take advantage of CLP's remedial measures or otherwise avoid harm.  See Walton, 347 F.3d at 1290 (rejecting the employee's argument that she complied with her employer's reporting requirements by advising her supervisor that his advances were unwelcome where the employee "did not argue in the district court that, based on these warnings, she had reason to believe that the advances would stop," and in fact the advances continued.  Id. at 1290 & n.16.

employer "cannot be considered to have been placed on notice of [the supervisor's] harassing behavior by the plaintiffs' informal complaints to individuals not designated by [the employer] to receive or process sexual harassment complaints." Id.  Under Madray, Cooper's informal complaint to Love, who was not a store manager or the human resources director, did not put CLP on notice of Holmes's conduct.

### III.  CONCLUSION

In sum, CLP took reasonable care to prevent disability-based harassment by promulgating and disseminating an anti-harassment policy and complaint procedure, and Cooper failed to take advantage of that complaint procedure to report Holmes's conduct.  Accordingly the Faragher/Ellerth defense shielded CLP from liability for any hostile work environment Holmes's conduct created.  For this reason, the district court did not err in granting summary judgment in favor of defendant CLP on plaintiff Cooper's ADA hostile work environment claim.

**AFFIRMED.**